UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **JENNIFER DUNN**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 3:21cv720 ) |
| **NEWS DIRECT CORP.**, | ) **TRIAL BY JURY** |
| and | ) **DEMANDED** ) ) |
| **GREGG CASTANO**, | ) ) ) |
| Defendants. | ) |

# COMPLAINT

COMES NOW Plaintiff Jennifer Dunn, by counsel, and makes the following claim for relief against Defendants as follows:

### PRELIMINARY STATEMENT

1. Plaintiff was formerly employed as the Vice President of Regional Sales of the Defendants News Direct, Corp, and its CEO Gregg Castano. Plaintiff worked for Defendants out of her Alexandria, Virginia home office, and conducted substantial business in the City of Richmond on behalf of Defendants. Plaintiff seeks recovery under state law relating to late and unpaid salary and commissions. Plaintiff seeks recovery of unpaid wages, liquidated or triple damages, prejudgment interest, and reasonable attorney's fees pursuant to Va. Code § 40.1-29. Plaintiff's claim is in excess of $75,000.

### PARTIES

2. Plaintiff Jennifer Dunn ("Dunn" or "Plaintiff") is a Virginia resident and became employed by Defendant on or about May of 2020 shortly after, or attendant to, its initial launch.

She left the Defendant's employ in November of 2021.  For the duration of her employment, she served as Vice President of Regional Sales.

3. Defendant News Direct, Corp. ("News Direct") is a platform that allows public and investor relations professionals as well as corporations to more efficiently disseminate news and targeted releases. News Direct is based in Norwalk, Connecticut and is an "employer" within the meaning contemplated by Va. Code. Code § 40.1-29 and, along with Defendant Castano, was an employer of Plaintiff at all times relevant hereto.

4. Defendant Gregg Castano ("Castano") is the owner and CEO of News Direct. Castano resides and works in the Norwalk, Connecticut area. At all relevant times, Castano exercised complete control and authority over Plaintiff and other employees of News Direct, including withholding their pay, and promising (and failing) to pay the wages and salaries of Plaintiff and other employees for numerous pay periods. Castano is an "employer" within the meaning contemplated by Va. Code. Code § 40.1-29 and, along with Defendant News Direct, was an employer of Plaintiff at all times relevant hereto.

5. At all times relevant hereto, Plaintiff was a salaried employee of Defendants within the meaning of Va. Code § 40.1-29.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Virginia, including sales made to a regular customer in the City of Richmond, which is in the Richmond,

Virginia Division under Local Rule 3(B)(4).

8. Defendants are subject to personal jurisdiction in the Commonwealth of Virginia because they have engaged in substantial business in the Commonwealth.

### FACTUAL ALLEGATIONS

9. Plaintiff is an experienced public relations professional. For approximately 13 years, she held a well-paying and well-respected position with Business Wire, a Berkshire Hathaway company.

10. In 2019 or 2020, Plaintiff's former boss at Business Wire, Gregg Castano (formerly the President at Business Wire and, approximately, a 30-year employee there), left to start a new company which became News Direct.

11. Castano solicited Plaintiff for employment with News Direct.

12. Defendants hired Plaintiff in May of 2020 as the Vice President of Regional Sales.

13. Castano promised Plaintiff a salary of $165,000 per year, plus quarterly, non-discretionary bonuses based on commissions.

14. Plaintiff's job duties consisted of assisting clients with their public relations and marketing campaigns run through News Direct's platform. Plaintiff serviced clients located in Richmond, Virginia and throughout the Eastern United States.

15. By late 2020, Defendants began to experience cash and funding shortfalls. Castano shifted such cash-flow burden to News Direct employees by failing to make payroll, and delaying the paychecks to employees. News Direct failed to timely pay its employees for at least three payrolls in 2020.

16. In early 2021, Castano required its employees to take a 5-15% pay reduction. Ms. Dunn was forced to take an approximate $15,000 pay reduction which went into effect in April or

May 2021. Castano stated that such pay cut would be temporary, and that Defendants would repay the difference to those employees whose pay was cut.

17. Unfortunately, throughout 2021, Defendants' cash and funding problems did not abate and it ceased paying owed salary compensation to Ms. Dunn, and on information and belief, other employees on or about September 1, 2021.

18. Castano was solely responsible for the financial decisions of News Direct, including the implementation of pay cuts, and the failure to pay News Direct employees.

19. In or around early 2021, Castano changed the regular payroll period from twice per month, to every other week. At some point in early to mid-May 2021, Castano returned to a twice monthly payroll.

20. Whatever the pay periods were, Defendants were often late, and Castano was constantly making excuses for failing to make payroll.

21. In addition to the three pay periods in 2020 which Defendants paid late, they were late in paying the following two pay periods in 2021:

   a. the paycheck owed on or around May 7, 2021 was paid late; and

   b. the paycheck owed on or around August 15, 2021 was over two weeks late, and was finally paid on or about September 1, 2021.

22. At the urging of, and based on promises of imminent funding by, Castano, Dunn and other employees continued working for Defendants.

23. Nevertheless, Defendants continued to miss payroll and Castano continued to make excuses.

24. Defendants have failed to pay Dunn for the five full pay periods ending on or about:

   a. August 31, 2021

      b.  September 15, 2021

      c.  September 30, 2021

      d.  October 15, 2021

      e.  October 31, 2021

25. Dunn remained employed for Defendants through November 5, 2021 and is owed her salary for the five work days from November 1 to 5.

26. To date Ms. Dunn has not been paid her second or third quarter commissions bonuses for 2021, despite both being owed and payable.

27. Ms. Dunn has earned and is owed a fourth quarter commission bonus.

28. At all relevant times, Plaintiff continued to carry out her duties and remained employed by Defendants.

29. Castano continually informed Plaintiff that he intended to pay her owed salary and bonus compensation when the Defendants had the funding to do so.

30. Castano kept promising dates by which funding and payments would be delivered, and such dates came and went without funding or payment.

31. News Direct was receiving income during this time frame, but Castano decided to pay vendors or overhead rather than paying the wages of News Direct employees, who like Plaintiff, were working without pay.

32. At all times relevant hereto, Plaintiff was entitled to the rights, protections, and benefits provided under Va. Code § 40.1-29.

33. Va. Code § 40.1-29(A) requires that an employer establish regular pay periods. Defendants established, at various times, regular pay periods of either bi-weekly checks, or semi-monthly (twice per month) checks payable on or near the 15th and on or near the last day of each

month.

34. Defendants were materially late in making payroll for at least five pay periods in 2020 and 2021, and failed to pay Plaintiff any salary for approximately five and a half pay periods in 2021.

35. Va. Code § 40.1-29(B) requires that an employer pay the wages or salaries of its employees with lawful money including with a check. Defendants violated this Code section as set forth above.

36. Va. Code § 40.1-29(C) prohibits an employer from withholding any part of the wages or salaries of its employees without their written and signed authorization of the employee. Plaintiff did not sign or agree to have any part of her salary withheld by Defendants.

37. Defendants willfully refused to pay Plaintiff her wages in connection with the practices complained of herein.

38. Castano had direct personal knowledge that Plaintiff was paid late on at least five occasions in 2020 and 2021, and was not paid at all from September 1, 2021 through the end of her employment on or about November 5, 2021.

39. Defendants knowing disregard of Virginia's wage payment law described herein entitles Plaintiff to the application of triple damages pursuant to § 40.1-29(J) and (K).

40. The quantum of Ms. Dunn's unpaid salary is approximately $34,000.

41. The quantum of Ms. Dunn's unpaid commissions bonuses (for the second and third quarters of 2021 combined), is approximately $11,000, plus an additional amount earned for the fourth quarter of 2021.

42. Defendants were late in paying approximately $33,000 in salary and commissions.

43. Pursuant to the doubling, and possible tripling, of damages under Virginia law,

Defendants owe Dunn somewhere between $123,000 to $204,000, plus damages for her 4th quarter commissions, plus her attorneys' fees and costs of litigation.

## COUNT ONE
### VIOLATIONS OF VA. CODE § 40.1-29

44. The Defendants knowingly violated Va. Code § 40.1-29 by failing to timely pay Plaintiff her owed salary and bonus compensation throughout her employment.

45. Pursuant to Va. Code § 40.1-29(J), Plaintiff is entitled to recover payment of her unpaid wages or salary, an equal amount of liquidated damages, prejudgment interest, and attorney's fees. Further, Defendant's violation was knowing one thus entitling Plaintiff to recovery of triple damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment declaring that the acts and practices complained of herein are violations of Va. Code § 40.1-29;

b. Enter judgment awarding Plaintiff actual compensatory damages for failure to timely pay wages, salary, and/or bonuses, with additional pre-judgment interest, against Defendant;

c. Enter judgment awarding Plaintiff an amount equal to her unpaid salary and bonus damages as liquidated damages;

d. Enter judgment that Defendants' violations of Va. Code § 40.1-29 were "knowing," and awarding Plaintiff an amount equal to triple her damages;

e. Enter judgment for post-judgment interest at the applicable legal rate;

f. Enter judgment awarding Plaintiff reasonable attorney's fees, litigation expenses, and all costs of this suit;

g. Grant such other relief as the Court deems necessary and proper.

Plaintiff hereby demands **trial by jury**.

        Respectfully submitted,
        **Jennifer Dunn**
        Plaintiff

By:    /s/ Craig J. Curwood_____
        Craig J. Curwood (VSB. No. 43975)
        Zev H. Antell (VSB No. 74634)
        Butler Curwood, PLC
        140 Virginia Street, Suite 302
        Richmond, Virginia 23219
        Tel:   (804) 648-4848
        Fax:  (804) 237-0413
        Email: craig@butlercurwood.com
                zev@butlercurwood.com